Alissa M. Mellem, BAR #13299
PARSONS BEHLE & LATIMER
127 E. Main Street, Suite 301
Missoula, MT 59802
Telephone: (406) 317-7220
Email: amellem@parsonsbehle.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CLEARVIEW HORIZON, INC.,<br><br>Defendant. | CAUSE NO. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW Plaintiff Kinsale Insurance Company ("Kinsale"), by and through its undersigned counsel of record, Parsons Behle & Latimer, and hereby complains and alleges against Defendant Clearview Horizon, Incorporated ("Clearview"), as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Kinsale is an eligible surplus lines insurance company incorporated in Arkansas, with its principal place of business in Richmond, Virginia.

2. Clearview is a domestic profit corporation of good standing in Montana.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). The parties here are completely diverse. Additionally, "[i]n actions seeking declaratory ... relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). The object of this litigation is an insurance

COMPLAINT FOR DECLARATORY JUDGMENT - 1

policy issued by Kinsale to Clearview with an aggregate limit of $2,000,000. Therefore, the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)–(b)(2), (c)(2). Clearview resides in Heron, Montana, a substantial part of the events giving rise to this claim occurred in Montana, and the property subject of this action is situated in Montana.

## GENERAL ALLEGATIONS

A. **The Professional and General Liability Policy**

5. On or about April 3, 2020, Kinsale issued a Professional and General Liability Policy to Clearview, policy number 0100111759-0, with effective coverage dates of April 1, 2020, to April 1, 2021 (the "Policy"). Attached hereto as **Exhibit "A"** is a true and correct copy of the Policy.

6. The Policy has a retroactive date of April 1, 2020.

7. The Policy, in relevant part, provides:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
>    a. We will pay those sums that the "insured" becomes legally obligated to pay as "damages" because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the "insured" against any "suit" seeking those "damages[.]" However, we will have no duty to defend the "insured" against any "suit" seeking "damages" for "bodily injury" . . . to which this insurance does not apply.
>    b. This insurance applies to "bodily injury" . . . only if:
>    (1) The "bodily injury" . . . is caused by an "occurrence" that takes place in the "coverage territory[;]"
>    (2) The "bodily injury" . . . did not occur before the "retroactive date[,]" if any, shown in the Declarations or after the end of the "policy period[;]" and
>    (3) A "claim" for "damages" because of the "bodily injury" . . . is first made against any "insured" . . . during the "policy period[;]" and

> (4) A "claim" for "damages" because of the "bodily injury" . . . is first reported in writing to [Kinsale] during the "policy period[.]"

. . . .

**ADDITIONAL EXCLUSIONS – COVERAGES A AND B . . . .**
This insurance does not apply to:
  **a. Prior or known claims**
Any prior or known claims:

  . . . .

  (3) Based on, arising out of or resulting from:
  a. An "occurrence" or offense, any portion of which took place prior to the "retroactive date" specified for the "named insured[.]"

. . . .

**SECTION VI – DEFINITIONS**
If this Policy is cancelled or non-renewed for reasons other than non-payment of premium or non-payment of deductible, non-compliance with the Policy's terms and conditions, or for misrepresentation or fraud; or we renew or replace this Coverage Form with insurance that has a "retroactive date" later than the date shown in the Declarations of this Coverage Form; or that does not apply to "bodily injury[,]" . . . on a claims-made basis; then you shall have the right to purchase an Extended Reporting Period endorsement subject to all the terms and conditions of this Policy[.]

. . . .

**SECTION VII – DEFINITIONS**
. . . .

2. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
3. "Claim" means a written demand for monetary "damages."
4. "Damages" means judgments, awards and settlements that the "insured" becomes legally obligated to pay as a result of a covered "claim[.]" "Damages" do not include . . . punitive or exemplary damages [or] statutory attorney's fees or costs claimed by or awarded to a claimant as part of any judgment, award or settlement or as an item of costs.

  . . . .

15. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

  . . . .

21. "Retroactive date" means the date specified in the Declarations or endorsements to this Policy after which "bodily injury" . . . must take place or an offense must be committed.

8. Pursuant to Section VI of the Policy, Clearview extended its general liability coverage to April 1, 2023. Attached hereto as **Exhibit "B"** is a true and correct copy of the Policy's Extended Reporting Period Endorsement.

**B.     Clearview's General Liability Notice of Occurrence/Claim—February 19, 2021**

9. On or about February 19, 2021, Clearview reported a General Liability Notice of Occurrence/Claim ("February Notice") with Kinsale. Attached hereto as **Exhibit "C"** is a true and correct copy of the February Notice.

10. The February Notice refers to the Policy between Kinsale and Clearview, policy number 0100111759-0.

11. The February Notice specifies the location of occurrence as 20 Bear Foot Lane, Heron, Montana 59844.

12. The February Notice specifies the description of the occurrence as "[l]itigation mulitple [sic] plaintiffs alleging emotional distress."

13. Attached to the February Notice was a Complaint and Demand for Jury Trial naming Madeline Cole, MacKenzie Corinne Hoyer, Julianna Peluso, Allanah Terrett, Emily Carter, Stephanie Kaiser, Suzannah Scarcello, Anna Bryant, Christina Ward, and Jane Does 1-100 as plaintiffs ("Cole Complaint").

14. The Cole Complaint names Clearview, two Clearview employees, Mike Linderman ("Linderman") and Michele Manning ("Manning"), and John and Jane Does 1-50 as defendants.

**C.     Clearview's General Liability Notice of Occurrence/Claim—May 12, 2021**

15. On or about May 12, 2021, Clearview reported a General Liability Notice of Occurrence/Claim ("May Notice") with Kinsale. Attached hereto as **Exhibit "D"** is a true and correct copy of the May Notice.

16. The May Notice refers to the Policy between Kinsale and Clearview, policy number 0100111759-0.

17. The May Notice specifies the description of occurrence as "[l]itigation—Plaintiff alleging emotional distress."

18. The May Notice specifies the "date of loss and time" as March 1, 2014.

19. The May Notice does not specify a location of occurrence.

20. Attached to the May Notice was a Complaint and Demand for Jury Trial naming Andrea Newby and Jane Does 1-100 as plaintiffs ("Newby Complaint").

21. The Newby Complaint names Clearview, Linderman, Manning, and John and Jane Does 1-50 as defendants.

**D.    First Amended Complaint Against Clearview Merging Cole and Newby Complaints**

22. On or about June 2, 2021, a First Amended Complaint ("Amended Complaint") was filed in Montana's twentieth judicial district court located in Sanders County, Montana. Attached hereto as **Exhibit "E"** is a true and correct copy of the Amended Complaint.

23. The Amended Complaint merged the Newby Complaint with the Cole Complaint.

24. The Amended Complaint names Madeline Cole, MacKenzie Corinne Hoyer, Julianna Peluso, Allanah Terrett, Emily Carter, Stephanie Kaiser, Suzannah Scarcello, Anna Bryant, Christina Ward, Andrea Newby, and Jane Does 1-100 as plaintiffs.

25. The Amended Complaint names Clearview, Linderman, Manning, and John and Jane Does 1-50 as defendants.

26. The Amended Complaint alleges negligence, negligent supervision, and negligent infliction of severe emotional anguish against Clearview and the other named defendants.

27. According to the Amended Complaint, the alleged negligence, negligent supervision, and negligent infliction of severe emotional anguish occurred from 2012 to 2018.

28. The Amended Complaint requests special, general, and punitive damages against Clearview and the other named defendants.

## CAUSE OF ACTION
### (Declaratory Judgment, 28 U.S.C. § 2201 (a))

29. Kinsale incorporates each of the allegations set forth above as though fully set forth herein.

30. Kinsale is permitted to obtain a declaration of the rights, status, and other legal relations among Kinsale and Clearview relating to the Policy under 28 U.S.C. § 2201(a).

31. An actual controversy exists between Kinsale and Clearview as to coverage.

32. Pursuant to the Policy, Clearview's coverage extends only to claims made against it that occur after the Policy's retroactive date.

33. Pursuant to the Policy, the retroactive date is April 1, 2020.

34. Pursuant to the Amended Complaint, the alleged injuries against Clearview occurred from 2012 to 2018.

35. Kinsale requests this Court to declare that the Policy does not cover the alleged injuries against Clearview because the alleged injuries occurred prior to the Policy's retroactive date.

36. Kinsale requests this Court to declare that Kinsale has no duty to defend Clearview because the Policy does not apply to the alleged injuries that occurred prior to the Policy's retroactive date.

37. Kinsale requests this Court to declare that Kinsale has no duty to indemnify Clearview because the Policy does not apply to the alleged injuries that occurred prior to the Policy's retroactive date.

## PRAYER FOR RELIEF AND DAMAGES

WHEREFORE, Kinsale prays for the following relief:

1. For a declaration that:

   a. There is no coverage under the Policy for Clearview because the alleged injuries occurred prior to the retroactive date of April 1, 2020;

   b. As coverage is precluded, Kinsale has no obligation to defend Clearview for injuries that occurred prior to the retroactive date;

   c. As coverage is precluded, Kinsale has no obligation to indemnify Clearview for injuries that occurred prior to the retroactive date;

   d. For other related declarations necessary to effectuate the terms of the Policy;

2. For costs incurred herein pursuant to FED. R. CIV. P. 54(d)(1); and

3. For such other and further relief as the Court deems just and proper.

DATED this 13th day of April, 2022.

SUBMITTED BY:

*/s/ Alissa M. Mellem*
Alissa M. Mellem, Esq.
PARSONS BEHLE & LATIMER
127 E. Main, Suite 301
Missoula, MT 59802
*Attorneys for Plaintiff*

COMPLAINT FOR DECLARATORY JUDGMENT - 7