IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CLEARVIEW HORIZON, INC.,<br><br>Defendant. | CV 22–76–M–DWM<br><br><br><br>ORDER |

Plaintiff Kinsale Insurance Company filed suit against Defendant Clearview Horizon, Inc., in April 2022, seeking a declaration that Kinsale has no duty to defend or indemnify Clearview in an underlying action in state court pursuant to a Professional and General Liability Policy that Kinsale issued Clearview in April 2020. (Doc. 1.) After Kinsale filed suit, the parties jointly moved for entry of stipulated declaratory judgment. (Doc. 3.) The putative stipulated declaratory judgment indicates that Kinsale does not have a duty to defend or indemnify Clearview in relation to the underlying action pursuant to the Policy. (Doc. 3-1.) But the parties' joint motion runs afoul of the Declaratory Judgment Act.

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any

1

interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Under the Declaratory Judgment Act, "[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quotation marks omitted). In essence, for a case to present an "actual controversy" under the Declaratory Judgment Act, it must "be definite and concrete, touching the legal relations of parties having adverse legal interests," and it must present an actual dispute for judicial determination. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937).

Here, the parties' putative stipulated declaratory judgment stems from the parties' agreement; it presents no actual controversy or genuine dispute appropriate for judicial determination. The parties have not shown that there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc.*, 549 U.S. at 127. Accordingly,

IT IS ORDERED that the parties' joint motion for entry of stipulated declaratory judgment, (Doc. 3), is DENIED.

IT IS FURTHER ORDERED that Kinsale must file proof of service of the Complaint within 21 days from the date of this Order.

IT IS FURTHER ORDERED that Clearview Horizon's response to the Complaint shall be due consistent with Federal Rule of Civil Procedure 12 and, if applicable, D. Mont. L. R. 7.1.

DATED this 7th day of July, 2022.

_____
Donald W. Molloy, District Judge
United States District Court